IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BADEBANA ATCHOLE | * | |
| | * | |
| v. | * | CIVIL ACTION NO. JKS-03-3464 |
| | * | |
| SILVER SPRING IMPORTS, INC., et al | * | |
| D/B/A DARCARS MITSUBISHI | * | |
| | *** | |

## MEMORANDUM

Presently pending is Plaintiff's Motion for Attorneys' Fees pursuant to the Maryland Consumer Protection Act (MCPA), (Dkt. No. 76), and Plaintiff's Motion to Strike Defendant's Surreply and Opposition to Plaintiff's Memorandum For Attorneys' Fees, (Dkt. No. 79). The matters have been fully briefed and no hearing is necessary. Local Rule 105.6 (D. Md.).

1. **Background**.

On December 4, 2003, Plaintiff Badebana Atchole filed this action alleging that Defendants Silver Spring Imports, Inc. (Darcars), and Mitsubishi Motors Credit of America, Inc. (MMCA), through a series of fraudulent acts and misrepresentations surrounding the purchase of an automobile, committed violations of the Magnuson-Moss Warrenty Act (counts I and II) and MCPA (counts III and IV), breach of contract (count V), and fraud (count VI). In count VII, Plaintiff further alleged that Defendant MMCA, as holder of an Installment Contract entered into between Plaintiff and Darcars, was derivatively liable for each of the claims asserted against Darcars in counts I through VI pursuant to a regulation developed by the Federal Trade Commission (FTC) known as the FTC Holder Rule. In June 2005, counts I and II were dismissed when Judge Chasanow granted in part Defendants' joint motion for partial summary judgment. (Dkt. No. 50). Thereafter, in August 2005, Defendant MMCA was dismissed by stipulation. (Dkt. No. 54). Plaintiff proceeded against Darcars on counts alleging violations of

the MCPA and fraud, which were tried before a jury from February 7, 2006 through February 10, 2006. The jury returned a verdict in favor of Plaintiff on the MCPA claim and in favor of Darcars on the fraud claim, and awarded damages in the amount of $5,102.97. (Dkt. No. 72). Plaintiff now seeks to recover a total of $39,837.50[1] in attorney's fees.

For the reasons set forth below, Plaintiff's Motion for Attorneys' Fees is granted, to the extent of $10,308.14, and Plaintiff's Motion to Strike is denied as moot.

2. **Analysis and Discussion**.

A. *Plaintiff's Motion to Strike*.

Plaintiff seeks to strike Darcars' Surreply and Opposition to Plaintiff's Memorandum for Attorneys' Fees under Local Rule 105.2a, which provides: "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Because this opinion does not rely on any of the statements contained in Darcars' Surreply, the Motion to Strike will be denied as moot.

B. *Plaintiff's Motion for Attorneys' Fees*.

In pertinent part, Maryland Code, Commercial Law § 13-408(b) provides, "[a]ny person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees."[2] Md. Code Ann., Com. Law. II § 13-408 (2002 repl. Vol., 2002 Supp.). An award of attorney's fees under this section is discretionary. *See Richwind Joint Venture 4 v. Brunson*, 335 Md. 661, 682 (1994) (*rev'd on*

---

[1] $38,122.50 for the time spent in litigation and $1,715.00 for the time spent in preparing this instant motion and Bill of Costs. Pl.'s Mot. at 4-5. The court has not been able to ascertain, from the time records, how these numbers were reached.

[2] "Section 13-408(b) does not require litigants to include a request for attorney's fees in their complaints; rather, attorney's fees are considered a collateral matter that may be sought after judgment on the underlying claim." *Barnes v. Rosenthal Toyota, Inc.*, 126 Md. App. 97, 103 (1999).

*other grounds*); *see also The Milton Co. v. Council of Unit Owners of Bentley Place Condominium*, 121 Md. App. 100, 120 (1998) ("[A] trial court enjoys a large measure of discretion in fixing the reasonable value of legal services. That amount will not be disturbed unless it is clearly an abuse of discretion.") (internal quotation omitted).

The starting point for determining a reasonable fee is "the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (discussing the reasonableness of attorney's fees in civil rights cases). Maryland courts have outlined the following criteria for determining a reasonable attorney's fee in an MCPA case:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

*Blaylock v. Johns Hopkins Federal Credit Union*, 152 Md. App. 338, 361 (2003); *see also Hensley*, 461 U.S. at 430 n.3 (discussing the nearly identical twelve-factor *Johnson* analysis: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). In addition, attorney's fees will not be awarded for hours expended on unsuccessful claims. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," but if plaintiff's success was partial or limited, awarding fees based on the hours expended multiplied by a reasonably hourly rate may be excessive. *Hensley*, 461 U.S. at 435-36. Thus, the district court has the discretion to adjust an award of attorney's fees, so long as the court makes clear that "it has considered the relationship between the amount of the fee awarded and the results obtained." *Id*. at 437.

Plaintiff contends that he is entitled to a fee award because he prevailed on his MCPA claim. Citing the Guidelines set forth in Appendix B of the Local Rules, Plaintiff's counsel requests $250 per hour for his time and $90 per hour for his paralegal's time. In support of his motion, Plaintiff argues that the issues of law and fact in this case, involving two defendants, were novel and numerous. Specifically, Plaintiff argues that counsel defended two motions to dismiss and a motion for summary judgment and participated in discovery and settlement conferences, and that as a result of counsel's efforts, MMCA waived its claim for a deficiency balance of $15,291.03 plus attorney's fees and interest, and removed all adverse reporting from Plaintiff's credit files.

Darcars' opposition contends that the fee claim should be denied in its entirety because Plaintiff failed to identify the amount of time allocated to the MCPA claim against Darcars. Darcars also argues that Plaintiff's request for $38,122.50 in attorney's fees is disproportionate to Plaintiff's recovery of $5,102.97, and that it would be inequitable to award Plaintiff his full

4

attorney's fees when he prevailed on only one count and recovered only a small fraction of the amount sought. Darcars further argues that Plaintiff's time-keeping is inaccurate; specifically, that Plaintiff fails to distinguish the services provided by counsel from those performed by the paralegal, overinflates the number of hours billed, and that the requested fees are not fully supported by the timekeeping records. Finally, Darcars asserts that counsel worked on a contingent fee basis and should not be rewarded for declining to settle the case.

Plaintiff replies that a proportionality analysis should not be used to determine attorney's fees in an MCPA case. In *Blaylock*, the Court held that the use of a proportionality analysis was improper in consumer protection cases because the monetary value of the case is typically low and "[i]f courts focus only on the dollar value and the result of the case when awarding attorney fees, the remedial purposes of the statutes in question will be thwarted." 152 Md. App. at 355 (internal quotation omitted). Plaintiff asserts that he was not required to apportion the time among the various claims because they are intertwined and arose out of the same operative facts. Plaintiff also reaffirms that the reported time is accurate.[3]

A fee award is appropriate in this case. The MCPA not only addresses an individual wrong but also produces a benefit to the community, for a judgment for the consumer discourages future violations. *Blaylock*, 152 Md. App. at 358; *see also The Milton Co.*, 121 Md. App. at 122 (holding that a contractual limitation in the Sales Agreements does not apply to fees awarded under the Consumer Protection Act as such a limitation is inconsistent with the General

---

[3] Plaintiff claims that the report differentiates between counsel and paralegal by italics, that counsel spent nine, not ninety, hours, in drafting an opposition, corrects the "inadvertent omission" to counsel's ten hours to prepare for the cross examination of two witnesses and review of a witness deposition transcript to also include preparation of Plaintiff, maintains that fifteen hours spent in preparation of the interrogatories was reasonable and relates to two defendants, and argues that the complaint took eight hours as it was twenty-one pages in length and required numerous edits and revisions.

Assembly's goal of protecting the public from unlawful consumer practices). Consumer protection cases typically involve low damages, and to strictly limit attorney's fees based on damages recovered would render it impossible for individuals to obtain redress from the courts. *Blaylock*, 152 Md. App. at 358.

The Court will also accept counsel's rate of $250 per hour. Although not applicable, guidance may nevertheless be obtained from Appendix B of the Local Rules. Plaintiff's counsel has been practicing law for thirteen years, Pl.'s Mot. Ex. C, and hourly rates of $250.00 and $90 are reasonable for that level of experience. The hourly records, as explained in Plaintiff's reply, are sufficiently documented and the hours expended reasonable.

Clearly, however, the number of hours submitted is over-inclusive. Plaintiff's motion relies heavily on claims and defenses against MMCA and on the novelty of issues unrelated to the MCPA on which he did not prevail. An MCPA fee award must be limited to that action and may not be based on other claims. *Barnes*, 126 Md. App. at 103-04 (attorney's fees awarded to automobile purchaser in her action against automobile dealer were properly apportioned to include only those incurred in litigating the successful MCPA claim). And there is certainly no basis upon which to hold Darcars responsible for fees associated with the claims against MMCA. Although a strict proportionality test should not be used, the court must nevertheless consider the degree of success. *Blaylock*, 152 Md. App. at 359. The fee decision is to be made upon consideration of the total circumstances of the case, s*ee The Milton Co.*, 121 Md. App. at 121-22, which include the amount in controversy in the case and the results obtained. *Blaylock*, 152 Md. App. at 361. The court will not, however, consider the offer allegedly made at a settlement

conference conducted by Judge Day, as disclosure of that information is prohibited.  Local Rule 607.4.[4]

Plaintiff prevailed on one of seven counts in the complaint, and will thus receive one-seventh of the pretrial claim.  Because the fee petition addressed and relied on all of the claims against both parties, one-seventh of that time also will be awarded, for a total of $2,839.39.  Plaintiff prevailed on one of two claims at trial and was unsuccessful in his request for punitive damages.  One-half of the trial fees, $7,468.75 will be awarded.  The total fee award is $10,308.14.  This amount is not only reasonable given counsel's limited success, but also advances the deterrent effect of the MCPA.


Date:   June 2, 2006                                                            /S/                                   
                                                                         JILLYN K. SCHULZE
                                                                         United States Magistrate Judge

---

[4] Defendant did not submit an offer of judgment under Rule 68 of the Federal Rule of Civil Procedure, which, if made, would have been properly before the court on the fee petition.